UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GENE A. K. ALLEN,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:19-cv-00338-MMD-CBC

ORDER

**I.	SUMMARY**

Petitioner has filed an application for leave to proceed *in forma pauperis* (ECF No. 1), a motion for appointment of counsel (ECF No. 3), a motion requesting relief (ECF No. 4), and a petition for a writ of habeas corpus. Petitioner is unable to pay the filing fee.

Petitioner has used the form for a petition under 28 U.S.C. § 2241. However, Petitioner is in state custody pursuant to a judgment of conviction of a state court, and 28 U.S.C. § 2254 applies. The Court construes the petition as being under 28 U.S.C. § 2254. The Court dismisses the action because this is a successive petition filed without the required authorization from the court of appeals. *See* 28 U.S.C. § 2244(b). Alternatively, the petition is without merit on its face. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**II.	BACKGROUND**

On April 7, 2003, pursuant to a guilty plea, Petitioner was convicted of sexual assault and lewdness with a child. Petitioner's direct appeal was unsuccessful. In the following 16 years, Petitioner has filed many post-conviction habeas corpus petitions and other motions in the state courts. On May 15, 2007, out of frustration of Petitioner's

1 continued frivolous filings, the state district court entered an amended judgment of
2 conviction that removed 310 days of credit for time served. Later that same day, the state
3 district court realized that it could not take away those credits as punishment for frivolous
4 filings, and the state district court entered a second amended judgment of conviction that
5 restored all the credits for time served. See Allen v. State, No. 49612 (Nev. September
6 12, 2007).[1]

Petitioner also has filed many habeas corpus petitions in this court in those 16 years. In *Allen v. State*, 2:07-cv-00226-PMP-LRL, ECF No. 2, at 2, the court noted:

> Allen has filed at least 14 habeas petitions in this court alone, all attacking the same conviction. [Footnote: See cases, 3:05-cv-00616-LRH-VPC, 3:05-cv-00639-LRH-RAM, 3:03-cv-00414-ECR-VPC, 3:03-cv-00465-LRH-RAM, 3:03-cv-00519-ECR-RAM, 3:03-cv-00541-ECR-VPC, 3:03-cv-00672-LRH-RAM, 3:03-cv-00692-LRH-RAM, 3:04-cv-00189-ECR-VPC, 3:05-cv-00184-LRHVPC,3:05-cv-00458-RLH-VPC, 2:03-cv-00770-KJD-PAL, 3:06-cv-00079-LRH-VPC.] On at least two previous occasions, Allen was ordered by the court to submit any and all habeas corpus claims related to his April 7, 2003 conviction in case number 3:03-cv-00414-ECR-VPC. (See Cases Nos. 3:03-cv-00519-ECR-RAM, 3:03-cv-00541-ECR-VPC). Allen repeatedly ignored those court orders, and in fact filed eight new habeas lawsuits after those orders were issued. Allen has also had at least two habeas corpus petitions dismissed as successive petitions pursuant to 28 U.S.C.§2244(b)(3)(A). (See Cases Nos. 3:05-00639-LRH-RAM, and 3:06-cv-00079-LRH-VPC). In both of those cases, Allen was informed that he could not pursue any additional habeas corpus petitions until he moved the United States Court of Appeals for the Ninth Circuit for an order authorizing this court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Cases. Allen has never done so.

Petitioner has continued to file multiple petitions in the following 12 years.[2]

## III. DISCUSSION

### A. Second or Successive Petition

This action is a second or successive habeas corpus petition that is not authorized by the court of appeals under 28 U.S.C. § 2244(b). The original judgment of conviction

///

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=17382 (generated July 10, 2019).

[2] The cases include, but are not limited to, 2:07-cv-00226-PMP-LRL, 2:11-cv-00180-PMP-LRL, 2:19-cv-00094-RFB-CWH, 3:07-cv-00098-LRH-RAM, 3:07-cv-00433-ECR-VPC, 3:08-cv-00238-BES-VPC, 3:08-cv-00318-RCJ-RAM, 3:11-cv-00138-RCJ-VPC, 3:11-cv-00389-ECR-VPC, 3:11-cv-00742-ECR-VPC, 3:12-cv-00056-HDM-VPC, 3:14-cv-00510-RCJ-VPC, 3:15-cv-00088-MMD-VPC, 3:18-cv-00237-MMD-WGC.

1  entered in 2003 no longer is the operative judgment of conviction. The second amended judgment of conviction entered on May 15, 2007, is the operative judgment of conviction. The second amended judgment likely reset the successive-petition bar of § 2244(b). *See Magwood v. Patterson*, 561 U.S. 320 (2010); *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012). However, in *Allen v. LaGrand*, Case No. 3:11-cv-00138-RCJ-VPC, the Court denied a habeas corpus petition because Petitioner made only claims of violation of state law. The court of appeals affirmed. Consequently, even taking the second amended judgment into account, this action is a second or successive petition, and Petitioner has not obtained authorization from the court of appeals to commence the action. *See* 28 U.S.C. § 2244(b).

The court has told Petitioner repeatedly, in many different actions, what he needs to do before he can file a second or successive petition in this Court. He continues to not follow instructions. For these reasons, the Court will not direct Petitioner to show cause why this action should not be dismissed. The Court also will not refer this action to the court of appeals, because that would not be in the interests of justice. *See* Ninth Circuit Rule 22-3(a). The Court simply will dismiss the action.

### B. In the Alternative, the Petition is Without Merit

Even if this action is not a second or successive petition, the Court would nonetheless dismiss it under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. All grounds lack merit.

Ground 1 is one of two possible claims. Both lack merit. First, Petitioner might be claiming that he was denied parole unconstitutionally. Petitioner has no constitutionally protected liberty interest in being released on parole in Nevada. *Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010). Second, Petitioner might be claiming that the state courts erred in rejecting his claim that he was denied parole unconstitutionally. Errors in the state post-conviction proceedings are not addressable in federal habeas corpus. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

///

Grounds 2 and 3 are claims that prison officials are interfering with Petitioner's mail and religious activity, and that prison officials are requiring DNA samples from Petitioner without authorization. In a ground titled 3(b), which Petitioner has placed after ground 4, petitioner alleges that he wants a lab expert, discovery, and investigation into the DNA sample. Even if true, these claims would not result in either Petitioner being released from custody or having his release date advanced. These claims are not addressable in federal habeas corpus. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).

Ground 4 is one of two possible claims. Both similarly lack merit. First, Petitioner might be claiming that the state courts are wrong when they deny his post-conviction habeas corpus petitions and other motions. Second, Petitioner might be alleging that the Nevada Supreme Court's decision affirming the denial of his request for a DNA test now is moot because Petitioner had a DNA test on February 21, 2019.[3] Again however, errors in the state post-conviction proceedings are not addressable in federal habeas corpus. *Franzen*, 877 F.2d at 26.

### C. Petitioner's Other Motions

Petitioner has filed a motion for appointment of counsel (ECF No. 3). The Court denies this motion because the Court is dismissing the action as a second or successive petition.[4]

Petitioner has filed a motion (ECF No. 4) asking this Court to vacate the mandate of the court of appeals in that court's case number 18-15951, reappoint counsel, and file a petition for a writ of certiorari with the Supreme Court of the United States. This Court does not have the authority to provide the relief requested.

///

---

[3] The underlying claim—that Petitioner wanted a DNA test—appears to be at odds with claims in grounds 2 and 3 that Petitioner was subjected to a DNA test against his will. This is not an invitation for Petitioner to file more documents explaining his position because the Court is dismissing the action. The Court simply is noting that the inconsistency is in the petition itself.

[4] The Court did appoint counsel to represent Petitioner in *Allen v. Cox*, Case No. 3:14-cv-00510-RCJ-VPC. Petitioner then repeatedly violated the Court's rule that parties represented by counsel may not file proper-person documents.

Petitioner has filed a request for a docketing statement (ECF No. 5), which the Court grants.

### D. The Court Will Not Issue a Certificate of Appealability

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

## IV. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the motion for appointment of counsel (ECF No. 3) is denied.

It is further ordered that Petitioner's motion requesting relief (ECF No. 4) is denied.

It is further ordered that Petitioner's request for a docketing statement (ECF No. 5) is granted. The Clerk of the Court is directed to send Petitioner a copy of the docket sheet.

It is further ordered that this action is dismissed as an unauthorized second or successive petition.

It is further ordered that a certificate of appealability will not issue.

The Clerk of the Court is directed to enter judgment accordingly and close this action.

DATED THIS 12th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE